**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2015 AUG -3 P 2: 23

In re:

       HERMANN VANECK,        :     Case No: 3:15-cv-00757-SRU COURT
            Debtor        :     BRIDGEPORT CT

                                   :     July 31, 2015

Bankruptcy Case No: 15-30014

HERMANN VANECK, Chapter 7 Debtor

Appeal from the United States Bankruptcy Court
For the District of Connecticut

**APPELLANT'S OPENING BRIEF**

HERMANN VANECK
24 Ebony Ln
Ivoryton, CT 06442

Dated: July 31, 2015

1

# TABLE OF CONTENTS

Table of Authorities                                                                3

      Table of Cases                                               3

      Table of Statutes                                            3

Statement Regarding Oral Argument                                   3

Statement of Jurisdiction                                                   3

Statement of the Case and Facts                                        4

Standard of Review                                                            6

Summary of Arguments                                                     6

Legal Arguments

  I.   THE BANKRUPTCY COURT ERRED IN CONDUCTING A "SECOND HEARING" AND ISSUING A "SECOND ORDER" AFTER DEBTOR FILED THE MATTER INTO APPEAL BEFORE THE UNITED STATES DISTRICT COURT SITTING AS THE COURT OF APPEAL AND REVIEW. ............ 7

  II.  THE BANKRUPTCY COURT ERRED BY ALLOWING THE MOVANT "DLJ" TO APPEAR BEFORE IT AS A PURPORTED SECURED CREDITOR WITHOUT HAVING FILED A PROOF OF CLAIM ................8

  III.  THE BANKRUPTCY COURT LACKED JURISDICTION BECAUSE MOVANT "DLJ" FAILED TO ESTABLISH IT HAS STANDING TO FILE A PROOF OF CLAIM, WHICH IT NEVER DID IN ANY EVENT................ 10

CONCLUSION ...................................................................................... 11

CERTIFICATE OF SERVICE ............................................................... 12

# TABLE OF AUTHORITIES

Table of Cases:

Farmer v. Kinder, 89 S.W.3rd. 477, 551 (Mo. Banc 2002)

Hasso v. Mozsgai, 290 B.R. 718 (9th Cir. BAP 2002)

In re Hayes,  393 B.R.259, 266-268 (Bankr. D. Mass. 2008)

Pullman-Standard v. Swint, 456 U.S. 273, 289 n.19 (1982)

Shannon v. Hines, 21 S.W.3rd 842, (Mo.App. E.D. 1999)


Table of Statutes:

28 U.S.C. Sec. 158(a)

Fed. R. Bankr. P. 3001(a)

Fed. R. Bankr. P. 3001(b)

Fed. R. Bankr. P. 3001(f)

Fed. R. Bankr. P. 7017

Fed. R. Bankr. P. 8002(d)(2)

Fed. R. Civ. P. 17(a), (b)


## STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument.

## STATEMENT OF JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction to

entertain the appeal pursuant to 28 U.S.C. Sec. 158(a).  The Order was rendered on

May 5, 2015 by the Hon. Julie A. Manning [Appendix, exhibit 5].  Appellant filed a timely

Notice of Appeal on May 15, 2015. [Appendix, Exhibit 6].

### STATEMENT OF THE CASE AND FACTS

On 02 January 2015 the Debtor commenced this case by the filing of a petition in

bankruptcy with the United States Bankruptcy Court for the District of Connecticut.[1]

Subsequently, the claimed entity "DLJ Mortgage Capital, Inc." [hereinafter:  "DLJ"] filed

an "Appearance," and by paper dated 12 January 2015 filed a *Motion for in rem Relief*

*from the Automatic Stay pursuant to 11 USC §362(d)(4)"* [hereinafter: "the Motion"].

Therein, Movant made a number of sweeping generalizations and a large number of

untruthful assertions, the thrust of which was to attempt to paint the debtor black and

cast aspersion upon him.[2]

Within the *Motion*, "DLJ" represented that it was a "secured creditor of the

Debtor." <u>See</u>: first sentence of the *Motion*.  Notwithstanding this representation, "DLJ"

did **not** file a *Proof of Claim*.  Debtor takes the position that "DLJ," whatever its murky

provenance, cannot have Standing before the Bankruptcy Court to file Moving papers

unless and until it first places its claim before the Court, by a *Proof of Claim* as the

"secured creditor of the debtor" that it claims to be.

Debtor Objected to the "Motion" on multiple grounds, including that the Pleading

was egregiously untruthful,  that Movant was not a proper creditor in any cognizable

sense and was not properly before the Court, and that no debt was owed now or

---

[1]   Due to a lack of staff at the clerk's office, the Petition was docketed on Monday following, 05 January 2015.
[2]   Attorneys fashioning the Motion were the law firm of Hunt, Leibert, Jacobson, which have tangled with Debtor
on behalf of some six different entities for some thirteen years, and have been systematically defeated by debtor
throughout that series of litigations.

formerly to "DLJ," which was a sham corporation and had never paid anything for any debt instrument of the debtor.

The Court Noticed a Hearing on the Motion with the proviso that Movant make Service upon the Debtor by overnight courier service. Movant refused to follow the Court's explicit instructions.  When the debtor became aware of the Hearing Date, he Noticed the Court that Debtor would not be able to attend due to a monster snowstorm paralyzing the State.  It is to be noted that Debtor, at age seventy and with both asthmatic and other infirmities, would be obliged to shovel out some 130 feet of driveway some five feet deep, plus a curb area packed solid by town plows as solid as concrete some five feet high, sixteen feet across, and twelve feet deep, in less than one day, in order to break out and attempt to sojourn to New Haven, some thirty miles distant. *See*: **Exhibit "1"**.

Counsel Linda St. Pierre of Hunt, Leibert, Jacobson, notwithstanding the circumstances, refused to agree to a postponement, and  the Court proceeded with its Hearing. "DLJ" did not appear by officer or director. The Court [Manning, J.] thereupon issued an Order granting in part the demands of Movant "DLJ."*See*: Doc. 23. Notably, the Court refused to grant the demand for imposition of Bankruptcy Rule 4001(a)(3), to by-pass appeal rights and allow Hunt, Leibert[3] to immediately enforce the Order, and further refused to grant a demand for claim of attorney's fees and costs of $976.00.

---

[3]  There can be no serious dispute that the real actors in interest are Hunt, Leibert;  the shadow client remains unidentified. "DLJ" is a mere frontispiece, a paper or sham corporation.

The Court then amended its own Order, shown at Doc. 23, filed 13 February 2015.  The Debtor timely Appealed the order on 26 February 2015.[4]  That Appeal remains pending.

In a subsequent series of developments, the Court became un-nerved after learning that Hunt, Leibert had willfully ignored the Court's specific Instructions requiring next-day delivery of the Hearing Notice as described, and  decided to go back and do a "do-over," on the grounds that Hunt, Leibert had willfully deceived the Court in its Certification of Service.  Debtor contends that, once the debtor filed his Notice of Appeal, the Bankruptcy Court lost jurisdiction over that specific subject matter, which was now in the jurisdiction of, and before, the District Court sitting as a bankruptcy appellate panel.  Despite this procedural impediment, the Court nonetheless held yet another hearing, in the absence of Debtor, and issued a "second order," dated 05 May 2015 [Doc. 49], essentially to replace the "first order".  Debtor timely Appealed the "second order" on 15 May 2015  [Doc. 55].

## STANDARD OF REVIEW

Pursuant to Federal Rule of Bankruptcy Procedure 8013, the "bankruptcy appellate panel" [here, the United States District Court sitting as a court of review] review's the bankruptcy court's factual finding for clear error and conclusions of law de novo.  A mixed question of law and fact occurs when the facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule.  [Pullman-Standard v. Swint, 456 U.S. 273, 289 n.19 (1982)].

The standard on appeal is *de novo*. First, the evidence provided to the bankruptcy court is non-existent to determine whether the non-claimant "DLJ" has a

---

[4]  The Clerk of Court entered the Notice of Appeal on 27 February 2015.

secured claim, entitling it to even be before the Court. Second, the District Court must

address whether the bankruptcy court lacked jurisdiction to render its decision.

## SUMMARY OF ARGUMENTS

The right to bring a creditor's Motion before the Court is vested in a party in

interest with standing.  Standing is conferred by the filing of a *Proof of Claim*. No Proof

of Claim has been filed.  No evidence has been placed before the Court to establish that

"DLJ" is a real bona-fide entity, instead of an artfully-crafted sham corporation. The

bankruptcy court held its hearing and rendered its decision after being deprived of

jurisdiction over the "DLJ Motion" subject matter by the Appeal filed by Debtor after the

"first Order," rendering the Order being appealed from herein void.

## LEGAL ARGUMENTS

I.     THE BANKRUPTCY COURT ERRED IN CONDUCTING A "SECOND
       HEARING" AND ISSUING A "SECOND ORDER" AFTER DEBTOR FILED
       THE MATTER INTO APPEAL BEFORE THE UNITED STATES DISTRICT
       COURT SITTING AS THE COURT OF APPEAL AND REVIEW.

Federal Rule of Bankruptcy Procedure 8002(d)(2) restricts the ability of the

Debtor to respond other than by Appeal, if the subject matter is a stay-relief Motion

brought pursuant to §362, as in the case instant.  Thus, the Debtor must file his Appeal

and proceed to and before the designated court of appeal, here the district court.

Pursuant to Federal Rule of Bankruptcy Procedure 8008,  the Bankruptcy Court loses

its jurisdiction over the subject matter under Appeal the moment the Appeal is filed.

Notwithstanding the instant loss of jurisdiction over the "DLJ Motion" subject

matter, nonetheless the Bankruptcy Court, apparently after re-thinking the matter and

noticing the abusive behavior of the Hunt. Leibert law firm in flouting the Court's explicit

Service Order, decided to go back and take another look.  The Bankruptcy Court's re-

entry into the subject matter of the *Motion* introduced by the Hunt, Leibert law firm was without any authority; the Debtor had already commenced the Appeal procedure which removed the court's jurisdiction over that portion of the subject matter of the Debtor's bankruptcy matters.

When the bankruptcy court issued yet another Order, Doc. 49, it was in effect reinstituting the Order that it was previously uncomfortable with.  There is no explanation for the Court's pattern of inconsistent Rulings.  The Orders themselves are devoid of articulation as to the court's thinking behind their issuance.

Notwithstanding the inconsistencies in first issuing some Order, then vacating that Order, then re-issuing the Order, the fact remains that the Court was without Jurisdiction over the subject matter pursuant to Rule 8008 once the debtor started his Appeal process.  Thus, the instant Order complained of, Doc. 49, is void *ab initio* for want of the court's jurisdiction to hear the subject matter.


II.     THE BANKRUPTCY COURT ERRED BY ALLOWING THE MOVANT
        "DLJ" TO APPEAR BEFORE IT AS A PURPORTED SECURED
        CREDITOR WITHOUT HAVING FILED A PROOF OF CLAIM.

One of the troubling aspects of the Hearing and Order complained of herein by the debtor is that the bankruptcy court is entertaining a *Motion* without the purported creditor having established its credentials before the Court.  That process is done by filing a *Proof of Claim.*   Conspicuously, "DLJ" has not done so.

Federal Rule of Bankruptcy Procedure 7017, which incorporates Rule 17(a) of the Federal Rules of Civil Procedure provides that every action "shall be prosecuted in

the name of the real party in interest."  Rule 17(b) of the Rules of Civil Procedure provides that the party filing the action must have the "capacity to sue or be sued."

Standing requires an injury in fact, an invasion of a judicially recognizable interest *Hasso v. Mozsgai*, 290 B.R. 718 (9th Cir. BAP 2002).  Any person or entity seeking to appear before the court and seek relief must show competent, admissible evidence that it meets the requirements recited above, as a real party in interest.

The mechanism to demonstrate aggrievement within the context of the bankruptcy court is the filing of a *Proof of Claim*.  A *Proof* is a written statement setting forth a creditor's claim.  *Fed.R.of Bankr. P.* Rule 3001(a).  A Proof "shall be filed by the creditor." *Fed.R.of Bankr. P.* Rule 3001(b).  "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." *Fed.R.of Bankr. P.* Rule 3001(f).

The debtor does not recognize "DLJ" as a secured creditor, as "DLJ" is not a real person.  The debtor contends that "DLJ" is a paper or sham corporation, set up to hide the activities of others from view.   Whatever the merits of the Debtor's view, it remains that, in order to assert aggrievement and have Standing to come before the Court for redress, the purported creditor must file a Proof of Claim.

Herein, the Movant "DLJ" recites: "*The undersigned Movant, DLJ MORTGAGE CAPITAL INC., a secured creditor of the above-named Debtor......moves this court for an Order ...."* That assertion is made without foundation.  Nowhere in the record is there one shred of evidence that "DLJ," whoever they might be, is a "secured creditor." Further, "DLJ" has not taken the elemental step of placing itself before the Court by filing a Proof of Claim.

A showing of interest is the minimum foundation for a purported creditor to come before the Court. In the case of *In re Hayes*, 393 B.R. 259, 266-268 (Bankr. D. Mass. 2008), the party seeking stay relief failed to show that it had an interest in the note.  The Court found that the party lacked standing because it was unable to show that the note was ever transferred to it and therefore, had no rights of its own to assert.

Simply showing up with a *Motion*, absent any other mechanism to appear before the Court, is ineffective to establish Standing for "DLJ."  There is *nothing* placed before the Court except for a long rant made by Linda St. Pierre of the Hunt, Leibert foreclosure-mill law firm.  That was not even in the form of an Affidavit.  A diatribe by an attorney does not confer Standing.

 

      III.     THE BANKRUPTCY COURT LACKED JURISDICTION BECAUSE MOVANT "DLJ" FAILED TO ESTABLISH IT HAS STANDING TO FILE A PROOF OF CLAIM, WHICH IT NEVER DID IN ANY EVENT.

Standing refers to a party's right to seek relief. *Farmer v. Kinder*, 89 S.W. 3rd 477, 551 (Mo. Banc 2002).  If a party seeking relief lacks standing, the trial court does not have jurisdiction to grant the requested relief.  *Shannon v. Hines*, 21 S.W.3rd 842 (Mo. App. E.D. 1999).

The only persons or entities that would have Standing in the case at bar would be the United States Trustee, and the Chapter 7 Trustee of the debtor's bankruptcy estate.  Who is "DLJ"?  Nobody knows.  There is nothing in the Record.  The debtor does not acknowledge "DLJ," whomever they might be and whatever their provenance, as a secured creditor.  "DLJ" flatly refuses to file a *Proof of Claim*. The Court is bereft of any foundation upon which to recognize a claim of aggrievement, and the Debtor is

bereft of any Proof of Claim to which to file an Objection and so engage the judicial machinery for the orderly administration of his affairs.

Where a purported creditor flatly refuses to properly place itself before the Court and submit his claim to Standing and his claim of aggrievement to proper scrutiny, the Court errs in allowing the purported entity to file Moving papers and to issue an Order based upon same.

## CONCLUSION

In light of the foregoing, the court should reverse the Bankruptcy Court's Order, find that "DLJ" has no foundation for Standing,  and dismiss "DLJ" from these proceedings.

RESPECTFULLY SUBMITTED this 31st day of July, 2015.

BY THE APPELLANT,

HERMANN VANECK
24 Ebony Lane
Ivoryton, CT 06442

CERTIFICATE OF SERVICE

Service is hereby certified by deposit of a true copy of same, first-class postage prepaid, into the United States Mails, or by hand delivery, or by electronic filing via the Court's ECF system,  on July 31, 2015, addressed to:

Clerk of the United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

U.S. Trustee
Office of the U.S. Trustee
150 Court Street #302
New Haven, CT 06510-7016

Kara S. Rescia, Esq.
Chapter 7 Trustee
Rescia and Katz
5104a Bigelow Commons
Enfield, CT 06082

Hunt, Leibert Jacobson
50 Weston Street
Hartford, CT 06120

HERMANN VANECK