# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT



FILED

2015 AUG -3  P 2: 23

US DISTRICT COURT
BRIDGEPORT CT

In re:

    HERMANN VANECK,       :    Case No:  3:15-CV-00757-SRU
        Debtor             :

_____:    July 31, 2015

Bankruptcy Case No:  15-30014

HERMANN VANECK, Chapter 7 Debtor

---

### Appeal from the United States Bankruptcy Court
### For the District of Connecticut

---

## APPELLANT'S OPENING BRIEF – APPENDIX

---

HERMANN VANECK
24 Ebony Ln
Ivoryton, CT 06442


Dated:  July 31, 2015

# TABLE OF CONTENTS

**EXHIBIT "1"**                                                        **Page No.**

Picture of snowbanks before and on the Debtor's homestead              2.

**EXHIBIT "2"**

"DLJ" Motion for in-rem Relief from the Automatic Stay                 3-10

**EXHIBIT "3"**

Notice of Appeal                                                       11

**EXHIBIT "4"**

Schedules A and D to Debtor's Petition                                 12, 13

**EXHIBIT "5"**

Order, by the Court, Doc. 49                                          14, 15

**EXHIBIT "6"**

Notice of Appeal, filed May 19, 2015.                                 16-17

# EXHIBIT

# "1"

**SNOWBANK PHOTO**



# EXHIBIT

# "2"

**"DLJ" MOTION FOR IN-REM RELIEF FROM STAY**

**DOC. NO. 12**

Exhibit A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
### New Haven Division

IN RE:
HERMANN JAN VANECK                          : CHAPTER 7
    DEBTOR                              : CASE NO. 15 - 30014
DLJ MORTGAGE CAPITAL INC.
    MOVANT                              : RE: ECF NO.
VS
HERMANN JAN VANECK DEBTOR
KARA S. RESCIA, TRUSTEE                      : JANUARY 12, 2015
    RESPONDENTS

### MOTION FOR IN REM RELIEF FROM THE AUTOMATIC STAY
### PURSUANT TO 11 USC §362(d)(4)

The undersigned Movant, DLJ MORTGAGE CAPITAL INC., a secured creditor of the

above-named Debtor ("Debtor"), by and through its undersigned attorneys, pursuant to 11 U.S.C.

Section 362 (d) and Bankruptcy Rule 4001, moves this Court for an Order affording relief from

the automatic stay imposed by 11 U.S.C., Section 362(a) ("Stay") and as grounds therefore

respectfully represents the following to the Court:

1.    Movant seeks relief for the purpose of enforcing its possessory interest in real

property known as **24 Ebony Lane, Essex, CT 06442-1159** ("the property").

2.    The Debtor is in possession of the property, although his/her right to possession has

expired.

3.    A Judgment of Strict Foreclosure entered on July 06, 2010, against the Debtor, in

Middletown Superior Court, BANKERS TRUST CO v. VANECK, HERMAN, Docket No.

CV02-0097949-S, for the premises located at **24 Ebony Lane, Essex, CT 06442-1159.**

THIS FIRM IS A DEBT COLLECTOR. WE MAY BE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED MAY BE USED FOR THAT PURPOSE. AT THIS TIME, WE ARE ONLY SEEKING TO PROCEED AGAINST THE
PROPERTY. IN THE EVENT OF A BANKRUPTCY DISCHARGE, NO DEFICIENCY JUDGMENT WILL BE ASSESSED
AGAINST THE BORROWER.

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

4.    The Debtor's law day has passed and title vested in the Movant on August 03, 2010.
Debtor therefore has no legal or equitable interest, except a possessory interest.

5.    Pursuant to 11 U.S.C. Section 362 (d) a stay of proceedings against Movant
should be lifted to permit Movant to enforce its interest and otherwise obtain possession of real
property known as **24 Ebony Lane, Essex, CT 06442-1159.**

5.    Pursuant to 11 U.S.C. §362 (d)(1), a stay of proceedings against Movant should be
lifted for cause so that Movant can enforce is interest and obtain possession in the Debtor's real
property known as **24 Ebony Lane, Essex, CT 06442-1159.**

6.    Pursuant to 11 U.S.C.  §362(d)(2), a stay of proceeds against the Movant should be
lifted as the Debtor no longer owns the property, his/her right of possession has expired, the
property is not property of the estate and therefore is not otherwise necessary for an effective
reorganization.

7.    On September 25, 1989 the Debtor, Jan Van Eck, filed a bankruptcy petition under
Chapter 7 of the United States Bankruptcy Code bearing case number 89-01156. This case was
terminated July 31, 1990. On April 2, 1992 the Debtor Linda Lounsbury and Jan Van Eck, filed a
bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number
92-51075. This case subsequently converted to a Chapter 7 on June 30, 1994 and was dismissed
on April 13, 1994 as to Linda Lounsbury. The Case closed on March 1, 1995.  On May 1, 1992
the Debtor Jan Van Eck, filed a bankruptcy petition under Chapter 13 of the United States
Bankruptcy Code bearing case number 92-51467. This case was terminated August 10, 1992. On
October 24, 1996 the Debtor Jan Van Eck, filed a bankruptcy petition under Chapter 13 of the
United States Bankruptcy Code bearing case number 96-33595. This case was dismissed

November 25, 1996. On October 24, 1996 the Debtor Jan Van Eck, filed a bankruptcy petition under Chapter 7 of the United States Bankruptcy Code bearing case number 96-52073. This case was dismissed on November 25, 1996. On February 9, 2000, the Debtor Linda A. Lounsbury aka Linda Van Eck, filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number 00-30500. This case was dismissed on March 14, 2000. On October 05, 2006 the Debtor Jan Herman Van Eck, filed a bankruptcy petition under Chapter 13 of the United States Bankruptcy Code bearing case number 06-31703. This case was dismissed on July 26, 2007. On September 05, 2008 the Debtor Herman Jan Van Eck, filed a bankruptcy petition under Chapter 11 of the United States Bankruptcy Code bearing case number 08-32911. This case was dismissed with prejudice on March 16, 2010, having a 2 year bar from filing. On July 30, 2010 the Debtor, Patricia Adams Irrevocable Trust, filed a bankruptcy petition in the Middle District of Florida (Orlando) under Chapter 11 of the United States Bankruptcy Code bearing case number 6:10-bk-13487. This case was dismissed on October 5, 2010. On January 05, 2015 the Debtor Hermann Jan Van Eck, filed this tenth bankruptcy petition under Chapter 7 of the United States Bankruptcy Code bearing case number 15-30014.

8.    By Summons and Complaint dated June 11, 2013, the Movant commenced judicial proceedings in Connecticut State Court for a Summary Trial Process. The Summary Process Trial date was scheduled for hearing on January 05, 2015.

9.    The Movant is entitled to in rem relief from the automatic stay pursuant to 11 USC Section 362(d)(4) for the following reasons:

a.    Upon information and belief, the Borrower, in an effort to delay, hinder or defraud the Movant, has filed this bankruptcy petition immediately prior to the scheduled Summary

Process Trial hearing.

10.   As a result of the prior bankruptcies filed by the Debtor, which were dismissed, the Creditor seeks in rem relief so that that any petition filed by or against the Debtor individually or jointly or by any insider of the Debtor, see 11 U.S. C. § 101(31), or other person with an interest in the Property, prior to the completion of the Movant's efforts to enforce its rights concerning the Property and all appeals related thereto, shall not operate as a stay (or trigger a stay) under Bankruptcy Code Section 362(a) as to the Property, provided, that any such prospective debtor, may seek on an expedited basis an order of the undersigned judge, or the judge assigned the newly filed bankruptcy case, relieving them from the prejudice of this paragraph. Such prospective debtor's request for such relief shall be by written motion properly noticed and served upon the Movant and/or its successors(s) and assigns, accompanied by (i) a copy of this Court's Order Granting Relief from the Automatic Stay and (ii) an affidavit attesting that they are not, directly or indirectly, associated with the Debtor except to the extent of being a good faith transferee with regard to the Property, setting forth with the particularity the status of the Movant's foreclosure or eviction efforts as to the Property, and particularizing and attesting that there are new and exceptional circumstances warranting application of Section 362(a) to the Property in the newly filed case notwithstanding this order.  In the alternative, the Movant seeks relief from the current automatic stay and prospective relief as to any future bankruptcy stay as a result of any bankruptcy filing by this Debtor. In the alternative, the Movant requests relief from the automatic stay in this bankruptcy case.

11.   The Movant also requests that this court order that Bankruptcy Rule 4001(a)(3) is not applicable so that Movant may immediately enforce and implement the requested order

modifying the stay.

12.      The Movant hereby gives notice that upon the granting/consideration of this motion, it may assess the Debtor's account with reasonable attorney's fees of up to $750 plus costs of $176 in connection with the preparation, filing, and prosecution of this Motion for Relief from Stay.  Said note and mortgage identified in Paragraph 1 and 2 above contain provisions allowing the Movant to collect reasonable attorney's fees and costs in connection with enforcing the note and mortgage.  If the Debtor received a Chapter 7 discharge after the Movant's loan was originated, such fees and costs shall be non-recourse against the Debtor unless the Movant's debt was included in a reaffirmation agreement.

WHEREFORE, Movant requests In Rem relief from the Stay by allowing Movant to enforce said judgment and seek an Execution for Ejectment and otherwise obtain possession of real property known as **24 Ebony Lane, Essex, CT 06442-1159.**

Movant requests that Fed.R.Bankr.P. 4001(a)(3) be declared inapplicable and that the Movant is allowed to immediately enforce the order.  The Movant maintains that cause exists to grant waiver on the basis that the Property is not property of the estate and the Debtor's right of possession has expired.

Movant therefore seeks to immediately enforce this order to ensure that it minimizes any continued losses.

Dated at Hartford, Connecticut this 12th day of January, 2015.

THE MOVANT

By: _____
    Linda J. St. Pierre, Esq.
    Hunt Leibert Jacobson, P.C.
    50 Weston Street
    Hartford, Connecticut 06120
    Telephone No. (860) 808-0606
    Federal Bar No. 22287

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE:
HERMANN JAN VANECK                                    : CHAPTER 7
   DEBTOR                                          : CASE NO. 15-30014
DLJ MORTGAGE CAPITAL INC.
MOVANT                                               : RE: ECF NO.
VS
HERMANN JAN VANECK DEBTOR
KARA S. RESCIA, TRUSTEE

PROPOSED ORDER GRANTING DLJ MORTGAGE CAPITAL INC., MOTION FOR
EQUITABLE RELIEF AND IN REM ORDER

After notice and a hearing on the above-referenced Motion for Relief from Stay, RE:

ECF NO. ___:

**IT IS HEREBY ORDERED** that the Automatic Stay of 362(a) in the above-captioned

estate is modified to permit DLJ MORTGAGE CAPITAL INC., and/or its successors and

assigns to commence and/or continue and prosecute to judgment an ejectment from action and

otherwise obtain possession of real property known as **24 Ebony Lane, Essex, CT 06442-1159**

in accordance with state law.

    2. That Debtor shall be barred from filing any petitions for relief under Title 11 for 2

years.

    3. That the Debtor is enjoined from transferring in any way any interest in the real

property known as 24 Ebony Lane, Essex, CT 06442-1159 for a period of 2 years.

    4. This Order shall be binding on the Debtor and the record owners of the property for a

period of 2 years. The Order shall be binding on and in any subsequent Title 11 filings by any

owner/occupant of the property such that the stay shall remain lifted until possession of the

property is complete. The Order shall be recorded on the Middletown Land Records. Notice

shall be given to such Connecticut state court or judicial authority conducting the Summary Process Trial. Any successors or assigns to the property, by deed, mortgage, lien or any other recorded instrument shall take such interest subject to this Order.

# EXHIBIT

# "3"

**NOTICE OF APPEAL FEB 27, 2015**

**DOC. NO. 29**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE:  HERMANN VANECK           :     CHAPTER 7
       Debtor,                  :     CASE NO:  15 − 30014

                                        :     RE:  ECF NO. 12, 49

                                        :     MAY 15, 2015

NOTICE OF APPEAL

HERMANN VANECK, the petitioner, appeals under 28 U.S.C. § 158(a) or (b), and such other Rules as may pertain, from the order and judgment of the bankruptcy judge:  *AMENDED ORDER GRANTING DLJ MORTGAGE CAPITAL INC., MOTION FOR EQUITABLE RELIEF AND IN REM ORDER*,   Dated 05 May 2015  [Manning, J.] [ECF Doc. No. 49].

The names of all parties to the Judgment, Order, or Decree appealed from and the names, addresses and (if known) telephone numbers of their respective attorneys are as follows:

"DLJ Mortgage Capital, Inc."
c/o  Linda St. Pierre, Esq.
Hunt, Leibert, Jacobson, P.C.
50 Weston Street
Hartford, CT 06120
860-808-0606
*Attorney for the fictitious corporation "DLJ Mortgage Capital Inc."*

1

BY THE DEBTOR:


HERMANN VANECK
24 Ebony Lane
Ivoryton CT 06442
(860) 514-5902

Certificate of Service
Service is hereby certified by deposit into the
United States mails, first-class postage prepaid,
Or by hand delivery,
Or by electronic service,  addressed to:

Kara S. Rescia, Esq.
Chapter 7 Trustee
200 North Main Street, East 14
East Longmeadow, MA 01028

U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Linda St. Pierre, Esq.
Hunt, Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120

On 15 May 2015:


Debtor

# EXHIBIT

# "4"

**SCHEDULES A & D, DEBTOR'S PETITION**

B6A (Official Form 6A) (12/07)

In re VANECK, HERMANN                              Case No. 15-30014
              Debtor                                        (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| SINGLE-FAMILY HOME, EAST HAVEN CT | EQUITABLE | H | 187,500.00 | 0. |
| SINGLE-FAMILY HOME, BRANFORD CT | LEGAL | H | 300,000.00 | 277,400.00 |
| SINGLE-FAMILY HOME, ESSEX CT | FUTURE | W | 255,000.00 | 0. |
| | | Total▶ | 742,500.00 | |

(Report also on Summary of Schedules.)

B 6D (Official Form 6D) (12/07)

In re VANECK, HERMANN                 ,          Case No. 15-30014
                    Debtor                                        (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>A.M. Ayers & Co.<br>12171 ROEBUCK RD.<br>ABINGDON VA 24210 | | J | 1994, mortgage single family home branford ct<br><br>VALUE $ | | | | 277,400.00 | |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO.<br><br> | | | <br><br>VALUE $ | | | | | |

___ continuation sheets attached

Subtotal ▶ (Total of this page)    $            $

Total ▶ (Use only on last page)    $  277,400.00   $

(Report also on Summary of Schedules.)   (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

# EXHIBIT

# "5"

**ORDER, BY THE COURT**

**DOC. 49**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

| | |
|---|---|
| IN RE:<br>  HERMANN JAN VANECK<br>    DEBTOR | |
| DLJ MORTGAGE CAPITAL INC.,<br>  MOVANT | CHAPTER 7 |
| VS. | |
| | CASE NO.: 15-30014 |
| HERMANN JAN VANECK,<br>  DEBTOR | |
| KARA S. RESCIA, TRUSTEE<br>  RESPONDENTS | RE: ECF NO. 12 |

## ORDER GRANTING DLJ MORTGAGE CAPITAL INC., MOTION FOR EQUITABLE RELIEF AND IN REM ORDER

After notice and a hearing held on April 29, 2015 in connection with the Motion for

Relief from Stay (ECF NO. 12), and for the reasons stated on the record at the hearing;

**IT IS HEREBY ORDERED** that the automatic stay of 11 U.S.C. § 362(a) in the above-

captioned estate is lifted to permit DLJ Mortgage Capital Inc., and/or its successors and assigns

to commence and/or continue to prosecute to judgment an ejectment from action and otherwise

obtain possession of real property known as 24 Ebony Lane, Essex, Connecticut, a/k/a 24 Ebony

Lane, Ivoryton, Connecticut (the "Property"), in accordance with state law; and

**IT IS FURTHER ORDERED** that this Order shall be binding on the Debtor and the

record owners of the Property for a period of two (2) years from the date of the entry of this

Order. The Order shall be recorded on the Essex/Ivoryton, Connecticut land records. Any

successors or assigns to the property, by deed, mortgage, lien or any other recorded instrument

shall take such interest subject to this Order.

Dated: May 5, 2015                                       BY THE COURT

                                                         Julie A. Manning
                                                         Chief United States Bankruptcy Judge

# EXHIBIT

# "6"

**DEBTOR'S NOTICE OF APPEAL**

**DATED 15 MAY 2015,**

**DOCKETED 19 MAY 2015**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
New Haven Division

IN RE:  HERMANN VANECK                    :          CHAPTER 7
      Debtor,                              :          CASE NO:  15 – 30014

                                :          RE:  ECF NO. 12

                                :          MAY 15, 2015

## NOTICE OF APPEAL

HERMANN VANECK, the petitioner, appeals under 28 U.S.C. § 158(a) or (b), and such other Rules as may pertain, from the order and judgment of the bankruptcy judge:  *AMENDED ORDER GRANTING DLJ MORTGAGE CAPITAL INC., MOTION FOR EQUITABLE RELIEF AND IN REM ORDER*,  Dated 05 May 2015  [Manning, J.].


The names of all parties to the Judgment, Order, or Decree appealed from and the names, addresses and (if known) telephone numbers of their respective attorneys are as follows:


"DLJ Mortgage Capital, Inc."
c/o  Linda St. Pierre, Esq.
Hunt, Leibert, Jacobson, P.C.
50 Weston Street
Hartford, CT 06120
860-808-0606
*Attorney for the fictitious corporation "DLJ Mortgage Capital Inc."*

1

BY THE DEBTOR:


HERMANN VANECK
24 Ebony Lane
Ivoryton CT 06442
(860) 514-5902

Certificate of Service
Service is hereby certified by deposit into the
United States mails, first-class postage prepaid,
Or by hand delivery,
Or by electronic service,  addressed to:

Kara S. Rescia, Esq.
Chapter 7 Trustee
200 North Main Street, East 14
East Longmeadow, MA 01028

U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

Linda St. Pierre, Esq.
Hunt, Leibert Jacobson, P.C.
50 Weston Street
Hartford, CT 06120

On 15 May 2015:


Debtor